```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

MIGUEL ANGEL DELGADO,

                Plaintiff,

v.                                      Civil Action No. 2:09-1252

DAVID BALLARD and
CLARENCE J. RIDER and
JAMES McCLOUD and
CHARLENE SOTAK,
all sued in their official
and individual capacities,

                Defendants.


                  MEMORANDUM OPINION AND ORDER


        Pending is defendants' motion to dismiss, filed

February 17, 2010.


        This action was previously referred to Mary E. Stanley,

United States Magistrate Judge, who has submitted her Proposed

Findings and Recommendations ("PF&R") pursuant to the provisions

of 28 U.S.C. § 636(b)(1)(B).  The court has reviewed the PF&R

entered by the magistrate judge on August 19, 2010.  On August

24, 2010, plaintiff objected.


        The magistrate judge recommends that the court find,

inter alia, that plaintiff has failed to state a claim (1) for

individual capacity damages related to his cause of action under

the Religious Land Use and Institutionalized Persons Act

("RLUIPA"), 42 U.S.C. §§ 2000cc et seq.; (2) for official capacity damages generally; and (3) for retaliation inasmuch as his participation in the custodial grievance process is not constitutionally protected.

Respecting the availability of individual and official capacity damages under RLUIPA, plaintiff asserts that the magistrate judge erred. The magistrate judge is correct. As to the request for individual capacity damages, plaintiff's argument is foreclosed by Rendelman v. Rouse, 569 F.3d 182, 184 (4th Cir. 2009). Id. ("Today we hold that, when invoked as a spending clause statute, RLUIPA does not authorize a claim for money damages against an official sued in her individual capacity."). The claim for official capacity damages is equally meritless in view of Madison v. Virginia, 474 F.3d 118, 133 (4th Cir. 2006). Id. (stating "[N]othing in the Supreme Court's or this court's decisions afford any support for the proposition that language as oblique as that in RLUIPA . . . is sufficient to effectuate a waiver of immunity from suit for money damages from the State . . . . We thus conclude that the Eleventh Amendment bars plaintiff's damages claim against the State.").

Respecting the retaliation claim, plaintiff contends that he has a clearly established First Amendment right of access

to seek court redress of his grievances and that defendants are consequently not entitled to qualified immunity as to that claim. In view of the 64-page handwritten complaint, the magistrate judge may have understood plaintiff to assert a due-process type claim, invoking a generalized right to a grievance procedure or a favorable grievance outcome.  His objections, which are much briefer and easier to interpret, suggest that he is instead asserting retaliation as a result of the exercise of his First Amendment right to petition for redress of grievances.

Specifically, plaintiff asserts that in retaliation for his filing of various grievances, inter alia, his mail and magazines have been destroyed, false and exaggerated disciplinary charges have been filed against him, and he has, as a result, spent years in segregation despite the fact that he has never been involved in an altercation "or anything of the sort." (Objecs. at 4).

As noted by the United States Court of Appeals for the Eighth Circuit, which recently gathered other circuit precedent on the point, plaintiff's allegations give rise to a viable constitutional claim:

> A prisoner's right under the First Amendment to petition for redress of grievances under a prison's grievance procedures is clearly established in this court. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th

3

Cir.1989) (recognizing the First Amendment right to
petition for redress of grievances includes redress
under established prison grievance procedures).
Similarly, it has for over twenty years been the law of
this circuit that actions taken in retaliation for an
inmate's filing of a grievance are actionable under 42
U.S.C. § 1983. Id. (citing Franco v. Kelly, 854 F.2d
584, 589-90 (2d Cir.1988)). The right to be free from
retaliation for availing one's self of the prison
grievance process is also clearly established in other
circuits. See, e.g., Rivera v. Senkowski, 62 F.3d 80,
86 (2d Cir.1995) ("[A]n inmate's right to be free of
retaliation for filing grievances was in 1990 and 1991
a clearly established statutory or constitutional right
of which a reasonable person would have known.")
(internal quotation marks and citation omitted); Woods
v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995) (holding it
is unconstitutional for a prison official to retaliate
against an inmate for filing a grievance); Noble v.
Schmitt, 87 F.3d 157, 162 (6th Cir.1996) (holding
retaliation directed against an inmate for filing a
grievance violates clearly established constitutional
law).

Nelson v. Shuffman, 603 F.3d 439, 449-50 (8th Cir. 2010).[1]


So other circuits recognize a First Amendment claim of

the type alleged by plaintiff.  The court has, however, located

only unpublished, sometimes equivocal, precedent in this circuit,

that recognizes the precise right plaintiff identifies as having

been violated.  See, e.g., Wright v. Vitale, No. 91-7539, 1991 WL

---

[1]As aptly noted by the magistrate judge, our court of
appeals has observed that "the Constitution creates no
entitlement to grievance procedures or access to any such
procedure voluntarily established by a state." Adams v. Rice, 40
F.3d 72, 75 (4th Cir. 1994).  The apparent thrust of plaintiff's
claim, however, as set forth in the objections, is that he has
been punished as a result of availing himself of that grievance
process.

127597, at *1 (4th Cir. Jul. 16, 1991) ("Wright's claim that she lost her visitation privileges in retaliation for filing grievances could state a constitutional claim.") (emphasis added); Woodley v. Department of Corrections, No. 90-6396, 1991 WL 91407, at *2 (4th Cir. Jun. 4, 1991) ("Woodley's allegation that he was put into segregation in retaliation for filing grievances may state a claim. . . . Because this possibly meritorious claim was dismissed prematurely, the district court's order dismissing the segregation claim is vacated and the case is remanded for further proceedings on this claim.") (emphasis added); see also McIntosh v. Freeman, No. 95-6545, 1995 WL 552018, at *1 (4th Cir. Sept. 19, 1995) (stating that "the district court erred in finding that McIntosh's claim that a prison guard filed a false disciplinary charge against him failed to state a § 1983 claim. Such allegations may not stand on their own, but they do state claims when the guards' actions are allegedly motivated by a desire to retaliate for a prisoner's having filed lawsuits against officials.").

Assuming plaintiff has successfully alleged a First Amendment retaliation claim, defendants are nevertheless entitled to qualified immunity unless the contours of the claim were clearly established at the time of the deprivation.  Henry v.

Purnell, No. 08-7433, slip op. at 13 (4th Cir. Sept. 24, 2010);

H.B. Rowe Co., Inc. v. Tippett, No. 09-1050, --- F.3d ----, 2010

WL 2871076, at *5  (4th Cir. Jul. 22, 2010).  Our court of

appeals has spoken respecting what qualifies as clearly

established law in this circuit.  In Edwards v. City of

Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999), it was observed as

follows:

> In determining whether a right was clearly established
> at the time of the claimed violation, "courts in this
> circuit [ordinarily] need not look beyond the decisions
> of the Supreme Court, this court of appeals, and the
> highest court of the state in which the case arose. . .
> . " Jean v. Collins, 155 F.3d 701, 709 (4th Cir.1998)
> (en banc ). "[I]f a right is recognized in some other
> circuit, but not in this one, an official will
> ordinarily retain the immunity defense." Id.

Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999)

(alteration in original); see also Doe ex rel. Johnson v. South

Carolina Dept. of Soc. Servs., 597 F.3d 163, 176 (4th Cir.

2010)(stating "[O]ur precedents . . . do not alone foreclose

Jane's substantive due process claim. But neither did they, or

any other precedent in the Supreme Court or this court, clearly

establish that such a claim might have existed at the time . . .

.").  In view of the somewhat unsettled nature of the law in this

circuit respecting the availability of a First Amendment

retaliation claim arising out of the use of a custodial grievance

process, the court is unable to conclude that the law was clearly

established on the point at the time of the alleged deprivation.

Based upon the foregoing discussion, the court concludes that while plaintiff appears to have alleged a viable First Amendment retaliation claim arising out of his allegations of mistreatment resulting from pursuit of custodial grievances, the constitutional underpinnings of the claim are not clearly established at this time in our circuit or at any time prior. The magistrate judge thus reached the appropriate, ultimate conclusion that qualified immunity applied and that defendants were consequently not subject to an award of compensatory or punitive damages respecting the First Amendment retaliation claim. The claim is understood as proceeding only as to the defendants in their official capacities, with prospective injunctive and declaratory relief remaining as the available remedy to plaintiff should he ultimately prevail on the claim.

The court, accordingly, concludes that the PF&R is correct, except to the extent that it might suggest that plaintiff is not entitled to pursue an official capacity First Amendment retaliation claim for injunctive and declaratory relief against defendants. With that proviso, and following a de novo review, the court ORDERS as follows:

1.  That the magistrate judge's PF&R be, and it hereby is, adopted and incorporated herein, except to the extent that it might suggest that plaintiff is not entitled to

pursue an official capacity First Amendment retaliation claim for injunctive and declaratory relief against defendants;

2.    That the defendants' motion to dismiss be, and it hereby is, granted to the extent stated by the magistrate judge on page 17 of the PF&R, except to the further extent of the proviso found in paragraph 1 above, and denied in all other respects; and

3.    That this action be, and it hereby is, recommitted to the magistrate judge for further development pursuant to the terms of the standing order entered November 16, 2009.

The Clerk is directed to file the letter to the court from plaintiff received September 1, 2010, which sought to assure that his earlier-filed objections had in fact been received.

The Clerk is further directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED:   September 24, 2010

John T. Copenhaver, Jr.
United States District Judge