```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**MIGUEL ANGEL DELGADO,**

    Plaintiff,

v.                                          Civil Action No. 2:09-1252

**DAVID BALLARD and
CLARENCE J. RIDER and
JAMES McCLOUD and
CHARLENE SOTAK,**
all sued in their official
and individual capacities,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff's motion for reconsideration, filed October 6, 2010.

On September 24, 2010, the court adopted the proposed findings and recommendation ("PF&R") entered by the United States Magistrate Judge, except to the extent that it suggested that plaintiff was not entitled to pursue an official capacity First Amendment retaliation claim for injunctive and declaratory relief against defendants. The action was recommitted to the magistrate judge for further development pursuant to the terms of the standing order entered November 16, 2009.

The motion for reconsideration asserts three reasons that the court putatively erred in granting qualified immunity to

defendants respecting plaintiff's First Amendment retaliation claim.  First, plaintiff asserts that defendants did not "'squarely present[]'" their qualified immunity defense.  Defendants' motion to dismiss explicitly raises a qualified immunity defense.  Plaintiff's contention is meritless.

Second, plaintiff asserts that certain federal regulations found at 28 C.F.R. § 40 et seq. prohibit reprisals resulting from the exercise of an inmate's right to grieve certain actions by custodians.  To the extent the cited regulations apply to West Virginia correctional institutions, the violation of a regulation does not ordinarily give rise to a section 1983 claim.  Peters v. Jenney, 327 F.3d 307, 316 n.9 (4th Cir. 2003)("'An administrative regulation . . . cannot create an enforceable § 1983 interest not already implicit in the enforcing statute.'") (quoting Smith v. Kirk, 821 F.2d 980, 984 (4th Cir. 1987)).  Plaintiff does not identify an enforcing statute that creates the regulatory right upon which he relies.  Irrespective of that omission, the existence of the regulation does not clearly establish the actionability of the particular type of First Amendment retaliation claim alleged by plaintiff.

Third, plaintiff contends that it is clearly established in this circuit that he may seek redress under the

First Amendment for retaliation based upon his use of the custodial grievance process.  As noted by the court in its September 24, 2010, memorandum opinion, the law is unsettled on the point.  None of the cases cited by plaintiff warrant a different conclusion.  At the time of the alleged retaliation, the defendants were not on notice that their alleged conduct was clearly unlawful.  Hope v. Pelzer, 536 U.S. 730, 739 (2002) ("This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.") (internal quotation marks omitted).

Based upon the foregoing, it is ORDERED that plaintiff's motion for reconsideration be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED: November 16, 2010

John T. Copenhaver, Jr.
United States District Judge

3