```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                      AT CHARLESTON


MIGUEL ANGEL DELGADO,

      Plaintiff,

v.                                Civil Action No. 2:09-1252

DAVID BALLARD and
CLARENCE J. RIDER and
JAMES McCLOUD and
CHARLENE SOTAK,
all sued in their official
and individual capacities,

      Defendants.
```

MEMORANDUM OPINION AND ORDER

Pending is plaintiff's appeal of a January 18, 2011, order entered by the Honorable Mary E. Stanley, United States Magistrate Judge.

I.

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the

>order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States Court of Appeals for the Tenth Circuit has observed as follows:

>Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
>In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

<u>Allen v. Sybase, Inc.</u>, 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed."  <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." <u>Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.</u>, 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

2

II.

The magistrate judge's January 18, 2011, order resulted from a December 15, 2010, order entered by the undersigned.  The December 15, 2010, order directed defendants to respond to plaintiff's allegations concerning (1) his access to an adequate law library, (2) his receipt of sufficient writing materials from the librarian at his institution, and (3) his assertion that defendants failed to attach exhibits to their discovery responses despite referencing them therein.

Defendants responded to these allegations as directed in the December 15, 2010, order.  Following plaintiff's reply, the magistrate judge promptly resolved the matter in accordance with the instructions found in the December 15, 2010, order.  The court does not reproduce here the factual development and analysis undertaken by the magistrate judge respecting that recent briefing.  Each error assigned to the order appealed from, however, is discussed below.

Plaintiff first assigns error to the magistrate judge's analysis of defendants' alleged failures, on now at least two occasions, to attach to their discovery responses certain exhibits therein referenced.  Specifically, plaintiff asserts in

3

his appeal that the second, courtesy copy of the discovery responses sent to him by defendants lacked the exhibits that he asserts were also missing from the first copy.[1]  Without resolving that factual dispute, defendants are directed to send to plaintiff on or before March 8, 2011, a copy of the exhibits by certified mail, return receipt requested.  Counsel for defendants are directed to notify the institution that it should require plaintiff to (1) sign for this third mailing, and (2) attest in writing simultaneously upon receipt as to whether the exhibits are found within the mailing.  The return receipt, along with the signature form and attestation, must be filed with the court no later than March 22, 2011.  With this proviso, the court concludes that the first assignment of error is meritless.

---

[1] The magistrate judge notes in the order appealed from defendants' contention that they properly served their discovery responses upon plaintiff but, in attempt to further accommodate him, sent the second copy as well.  She further observed that "[p]laintiff apparently does not dispute Defendants' position [respecting the second copy].  He did not respond to their statements."  (Ord. at 1).

On January 26, 2011, however, the same day this appeal was filed, plaintiff submitted his untimely "Response to Defendants' Discovery Claim."  He states therein that "If the first copy [of the discovery responses] failed to include the exhibits defendants claim are there, how would they appear in a second copy? They simply are not there."  (Resp. at 1).  The filing also states "Plaintiff apologizes for this late response.  I completely forgot."  (Id.)

Despite the fact that plaintiff, with little justification, failed to timely respond to the discovery response portion of defendants' submission to the magistrate judge, the court will not deem his rejoinder to have been forfeited.

Plaintiff next assigns error to the magistrate judge's analysis respecting his receipt of necessary writing materials from the librarian at his facility. The record suggests plaintiff has received ample writing materials up to this point. An attachment to his complaint consists of 82 pages of handwritten material. He has also filed other handwritten submissions on multiple occasions. Indeed, plaintiff asserts that "[a]t this time, I do have enough stationary." (Appeal at 3). The court is satisfied that the institution will provide plaintiff with additional paper and envelopes in reasonable amounts, along with approved writing instruments, as necessary to prosecute this litigation. The court thus concludes that this second assignment of error is meritless.[2]

Plaintiff next assigns error to the magistrate judge's analysis respecting his request to receive what appear to be multiple volumes of, or voluminous pages from, the United States Code and similar research materials. Plaintiff has not particularized the research materials he lacks, nor explained how they are necessary to the prosecution of this action. He also

---

[2]Nevertheless, defendants may in the future wish to require plaintiff to contemporaneously verify in writing each time he receives writing materials from the librarian and in what types and amounts. If plaintiff again challenges the failure to provide writing materials, counsel for defendants may offer the verifications as an exhibit to an affidavit from the librarian as substantial evidence that the materials were provided.

5

fails to suggest how the denial of the unspecified materials has specifically prejudiced him. This latter omission alone seriously compromises his claim. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993) (rejecting inadequate law library claim inasmuch as plaintiff "alleged 'no specific problem he wished to research and . . . no actual injury or specific harm which has resulted to him by his limited access to the jail library or its limited contents.'")(quoting Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir. 1987)); see also id. at 1385 ("A demonstration of inability to present a legal claim is an essential ingredient of a suit such as this because the prisoner must be able to show that the rules interfered with his entitlement (access to the courts) rather than with a mere instrument for vindicating an entitlement (access to books).").

Aside from those observations, the record once again objectively indicates plaintiff's complaints are, at the least, overstated. For example, plaintiff's October 6, 2010, motion for reconsideration cites relevant, recent Supreme Court and Fourth Circuit precedent, along with references to both legislative history and federal regulations. The court concludes that this third assignment of error is meritless.

III.

Based upon the foregoing discussion, plaintiff has failed to demonstrate that the January 18, 2011, order is either clearly erroneous or contrary to law.  The court, accordingly, ORDERS as follows:

1. That the January 18, 2011, order be, and it hereby is, affirmed; and

2. That this appeal be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED: February 25, 2011

John T. Copenhaver, Jr.
United States District Judge