```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MIGUEL ANGEL DELGADO,**

      Plaintiff,

v.                                         Civil Action No. 2:09-1252

**DAVID BALLARD and**
**CLARENCE J. RIDER and**
**JAMES McCLOUD and**
**CHARLENE SOTAK,**
all sued in their official
and individual capacities,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is plaintiff's March 23, 2011, appeal of an order entered by the Honorable Mary E. Stanley, United States Magistrate Judge.[1]

I.

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

---

[1] The docket reflects that plaintiff's December 10, 2010, appeal from the magistrate judge remains pending. (<u>See</u> Dock. Ent. #55). The appeal was adjudicated in a memorandum opinion and order entered December 15, 2010. The Clerk is consequently directed to terminate document 55.

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A finding of fact is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

II.

The magistrate judge's March 16, 2011, order addresses plaintiff's (1) notice of retaliation and motion for order of protection, filed January 24, 2011; (2) plaintiff's motion to compel discovery and status hearing, filed January 26, 2011; and (3) plaintiff's second notice of retaliation and motion for protective order filed February 10, 2011. In sum, the magistrate judge rulings are that:

1. Plaintiff may institute a new action alleging retaliation by prison officials arising out of their interception of a piece of plaintiff's mail[2];

2. The merits of plaintiff's challenge to defendants' discovery responses cannot be addressed inasmuch as the responses are not provided for review; and

3. Inasmuch further as this action concerns the exercise of plaintiff's religious beliefs, his concerns about restrictions imposed upon him relating to a Native American pen-pal service are irrelevant.

Plaintiff challenges only the first and third rulings. This action involves, in part, a request for prospective injunctive and declaratory relief to remedy alleged retaliation against plaintiff arising out of the exercise of his First Amendment rights, namely, his use of the prison grievance system.

---

[2]Plaintiff complains in this action generally about the interception of his mail sent from Native American and other sources.

In sum, the court understands plaintiff to assert that any additional retaliatory actions, like the mail interception and pen-pal restrictions mentioned above, may be considered as evidence of impermissible motive respecting the First Amendment retaliation claim.  Depending upon the nature of the intercepted mail and the rules governing admissibility, the interceptions and restrictions might also serve as evidence supporting plaintiff's claims under the Religious Land Use and Institutionalized Persons Act and the Equal Protection Clause.  Plaintiff need not file a new action to raise those issues herein.

It is, accordingly, ORDERED that the order appealed from be, and it hereby is, affirmed except to the extent that it might be interpreted as preventing plaintiff from relying upon the matters discussed in the first and third rulings above as further evidence to support his claims.  It is further ORDERED that this appeal be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the pro se plaintiff, and the United States Magistrate Judge.

DATED: May 5, 2011

John T. Copenhaver, Jr.
United States District Judge

4