```
        UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                   CHARLESTON
```

**MIGUEL ANGEL DELGADO**,

      **Plaintiff**,

v.                                  Case No. 2:09-cv-01252

**DAVID BALLARD**,
**CLARENCE J. RIDER**,
**JAMES McCLOUD, and**
**CHARLENE SOTAK**,

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the plaintiff's "urgent motion for temporary restraining order" (ECF No. 104), filed on July 26, 2011.

The plaintiff's motion claims that, on July 11, 2011, certain correctional officers at the Mount Olive Correctional Complex ("MOCC"), at the direction of Warden David Ballard, a defendant herein, threatened to physically attack the plaintiff for refusing to cut his hair. The plaintiff further asserts that on July 22, 2011, he received a Rule Violation Report charging him with Refusing An Order for refusing to have his hair cut, and that he has received two other Rule Violation Reports concerning his refusal to get his hair cut. Id. at 1-2. By Order entered July 28, 2011 (ECF No. 106), the Court directed the defendants to file a response. The defendants filed their response, including an affidavit from Warden David Ballard. The plaintiff has filed a

lengthy declaration in reply, with exhibits (ECF No. 114).

Warden Ballard's affidavit states, in pertinent part, as follows:

> 10. At this time there is no plan at MOCC to force Miguel Delgado to have his hair cut. Rather, until such time as the Southern District of West Virginia enters an Order regarding whether Delgado may keep his hair long in violation of WVDOC policy, he will simply be "written up" for Refusing an[] Order as he would in any other situation in which he refused to act in accordance with the instructions of MOCC staff. Accordingly, the other means of addressing his refusal to comply with the policy directive will be the same employed for any other refusal to obey an order, such as withdrawal of privileges.
>
> 11. It is my position, considering the information that follows in this Affidavit, that forcing Miguel Delgado to cut his hair is the least restrictive means of furthering MOCC's proposed compelling governmental interests of identification of inmates and security issues. There is no other means by which to remedy the concerns that follow.

(ECF No. 109-1, at 2.) MOCC Operational Procedure 3.47, "Inmate Identification Cards, Altering Appearance and Inmate Grooming Standards," dated January 5, 2009, is attached to the affidavit. Id. at 8-11. It provides that "[h]air length will not exceed the top of the collar or ears, be no more than three (3) inches on top, be kept neat and clean and will have a tapered appearance and may not be blocked." Id. at 9.

Warden Ballard's affidavit notes the necessity of prison staff being able to search inmates' hair for contraband. Id. at 3. Long hair requires more time to search and can be unsanitary. Id. Inmates may apply feces and other bodily secretions to their hair

to discourage prison staff from searching the hair, or to expose prison staff to disease agents. Id. Inmates may hide sharp objects in long hair to injure prison staff during searches. Id. at 3-4. Long hair presents an increased risk of communicable parasites such as lice and scabies. Id. at 4. Long hair may be used to hide escape devices such as the key used for handcuffs and shackles. Id. Long hair subjects an inmate to a risk of harm if other inmates were to assault the inmate by pulling his hair or using it to restrain the inmate. Id. A requirement for short haircuts prevents inmates from significantly altering their appearance if they were to escape from custody. Id.

Warden Ballard's affidavit concludes with persuasive arguments as to why a religious exemption for hair length and shaving would not work. If such an exemption were permitted, more inmates would claim the exemption, whether or not they have sincerely held beliefs, thereby increasing the likelihood of expensive litigation and the need for additional staffing. Id. at 5. The above-listed safety and health concerns would increase with each exempt inmate, and the concern for alteration of appearance would not be addressed. Id. at 5-6.

The plaintiff's declaration is focused on himself, not on broader issues of prison security. He asserts that he is clean, that he hand washes his clothing, and that his hair grows slowly. (ECF No. 114, at 1-2.) He states that the guards do not touch his

hair when they search him and that his hair has not caused any dangerous conditions as described by Warden Ballard. The photographs taken most recently of the plaintiff are to be found at ECF No. 114-1. The plaintiff includes much irrelevant material in his declaration, such as claims that guards are violating security protocols as to other inmates, that he is being discriminated against due to his ethnic heritage, that rules are different for female inmates (at prisons other than MOCC), the history of Puerto Rico, and so forth. The primary argument presented in the declaration is that this plaintiff's hair has not caused any problems, and therefore he should be allowed to keep it long in furtherance of his religious beliefs.

A party seeking a temporary restraining order or a preliminary injunction, has a daunting task. A preliminary injunction is "an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 376 (2008). The Supreme Court wrote that a party "seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374.

As noted in the Order entered July 28, 2011 (ECF No. 106), the United States District Court for the District of South Carolina

granted summary judgment to prison officials upon their showing of a compelling governmental interest in having hair length restrictions for inmates, and that forced shaving was the least restrictive means of enforcing the restriction. Smith v. Ozmint, No. 9:04-cv-01819-PMD, ECF No. 307 (D.S.C., March 18, 2010), aff'd, 396 Fed. Appx. 944 (4th Cir. 2010). In that case, a magistrate judge filed a Report and Recommendation which detailed the same concerns as are set forth in Warden Ballard's affidavit. A similar ruling was issued in Scible v. Miller, No. 1:05-cv-166, 2006 WL 2079386 (N.D. W. Va. July 25, 2006).

MOCC's grooming rules were written for MOCC, not for a prison housing pretrial detainees or female prisoners. It is West Virginia's most secure institution, housing prisoners who have been convicted of committing the most serious offenses, and who are serving the longest sentences. The prison staff must have the ability to enforce grooming rules as to all inmates, whether they are in general population or in administrative segregation. In light of Smith v. Ozmint, it is unlikely that the plaintiff will succeed on the merits.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not shown that he is likely to succeed on the merits, because the public interest in a clean, safe, secure prison outweighs his interest in growing some of his hair long in furtherance of his religion. It is respectfully **RECOMMENDED** that

the plaintiff's motion for temporary restraining order (ECF No. 104) be denied.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

6

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to the plaintiff, and to transmit it to counsel of record.

<u>August 24, 2011</u>
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge